UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| PIERRE A. VINCENT, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 2:14-cv-00088-JAW |
| DON PARENT, | ) ) | |
| Defendant | ) ) | |

**RECOMMENDED DECISION**

In this action, Plaintiff Pierre A. Vincent complains about the conduct of Defendant Don Parent, who evidently was employed with Plaintiff by the United States Postal Service. The matter is before the Court on Defendant's Motion to Dismiss or, in the Alternative, to Quash Service (ECF No. 7).[1]

Following a review of the pleadings, and after consideration of the Defendant's arguments, as explained below, the recommendation is that the Court deny the Motion to Dismiss, grant the Motion to Quash, and enter an order extending the time for Plaintiff to make proper service upon Defendant.

**Background**

Plaintiff filed his complaint on March 11, 2014 (ECF No. 1). On April 14, 2014, Plaintiff filed a return of service by certified mail (ECF No. 4). In that filing, the form proof of service affidavit is entirely blank. The attached certified mail receipt reflects that mail was sent to

---

[1] The Court referred the motions for report and recommended decision.

Defendant at the United States Postal Service Packaging and Distribution Center in Scarborough, Maine.² The return receipt bears an illegible signature and the identity of the individual who signed the receipt is not printed on the receipt. (*Id.*)

**Discussion**

A plaintiff is responsible for having the complaint and summons served within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(c), (m). This Court cannot enter a judgment in the absence of personal jurisdiction, which "normally depends on legally sufficient service of process." *Vazquez-Robles v. CommoLoCo, Inc.*, 757 F.3d 1, 4 (1st Cir. 2014). Rule 4 of the Federal Rules of Civil Procedure governs service for cases brought in federal court. *Id.* When the adequacy of service is challenged by a defendant, the plaintiff has the burden of establishing that service was proper. *Id.* Plaintiff has filed no opposition to Defendant's challenge to service.

For general civil actions, Rule 4(e) of the Federal Rules of Civil Procedure governs the service of process upon individuals within a judicial district of the United States. In particular, the Rule identifies several means by which a plaintiff can serve a defendant personally. Notably, the Rule does not authorize service by certified mail. Rule 4(i) sets forth the service that is required in cases in which a plaintiff asserts a claim against an officer or employee of the United States for an act or omission on behalf of the United States. Insofar as Plaintiff's Complaint could be construed to assert a claim arising out of the parties' employment with the United States Postal Service, Rule 4(i) is arguably applicable. Where, as in this case, a plaintiff asserts a claim against individual employees, in addition to serving the United States (which can be accomplished by certified mail), the plaintiff must serve the individuals in accordance with Rule 4(e), which does

---

² The Court's docket reflects that Plaintiff has filed three other actions in this Court this year. *Vincent v. James*, No. 2:14-cv-00238-JAW; *Vincent v. Burton et al.*, No. 2:14-cv-00095-JAW; *Vincent v. Doran et al.*, No. 2:14-cv-00087 (closed).

not authorize service by certified mail.  Regardless of whether Rule 4(e) or Rule 4(i) governs, therefore, Plaintiff cannot serve Defendant individually by certified mail.  Plaintiff's filings of the certified mail receipts thus do not constitute proof of service as required by Rule 4(*l*).[3]

If a plaintiff fails to accomplish service on a defendant within 120 days of filing a complaint, the Court must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Under the circumstances of this case, which circumstances include the relatively brief period between the expiration of the 120 day period and the filing of the Motion to Dismiss, it is reasonable to permit Plaintiff another opportunity to make proper service upon Defendant.

## Conclusion

Based on the foregoing analysis, the recommendation is that the Court (1) deny Defendant's Motion to Dismiss, (2) grant Defendant's Motion to Quash and thereby quash the purported service upon Defendant by certified mail, and (3) extend the time by which Plaintiff must serve Defendant and file proof of service.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[3] The requirement of proper service is not waived by the entry of an appearance by counsel on behalf of Defendant. *Marcial Ucin, S.A. v. SS Galicia,* 723 F.2d 994, 997 (1st Cir.1983).  Service of process does not merely provide notice to the defendant.  It also gives the court jurisdiction over the person of the defendant. *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.,* 953 F.2d 21, 23 (1st Cir.1992) (holding that return receipt evidencing service at a location other than the party's usual place of abode, signed by someone other than the party to be served, was insufficient to confer personal jurisdiction, despite actual notice on the part of the party to be served). Absent personal jurisdiction over Defendant, this Court lacks the power to enter judgment on Plaintiff's claim(s). *Vazquez-Robles*, 757 F.3d at 4.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of September, 2014.